# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| WISZNIA & ASSOCIATES, SONJA WISZNIA, BY AND THROUGH MARCEL WISZNIA, AND ESTATE OF WALTER WISZNIA, § § § § § § Plaintiffs, § § VS. § § § AMERICAN EXPRESS CO., MERRILL § LYNCH, AND RELIANT ENERGY, § § Defendants. § | Civil Action No. 2:13-cv-00301<br><br>**JURY TRIAL DEMANDED** |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Wisznia & Associates, Sonja Wisznia, by and through Marcel Wisznia, and Estate of Walter Wisznia file this Original Complaint against Defendants American Express, Merrill Lynch, and Reliant Energy, respectively, and shows as follows:

**A. Parties**

1. The plaintiffs are Wisznia & Associates, Sonja Wisznia, by and through Marcel Wisznia, and Estate of Walter Wisznia.

2. The defendants are American Express Co., Merrill Lynch, and Reliant Energy, respectively. Each defendant does business in Nueces County, Texas. Defendant

American Express Co. is a foreign corporation and may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Defendant Merrill Lynch is a foreign corporation who may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 78701.   Defendant Reliant Energy is a foreign corporation who may be served with process by serving its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

### B. Jurisdiction

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).  There is diversity jurisdiction.

### C. Venue

4. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

### D. Facts

5. The three Defendants in this case each financially benefitted from massive fraud on the Plaintiffs.  The Defendants either knew of the fraud and did nothing to prevent it or they should have known been able to prevent it.

6. Based upon information and belief, each of the three Defendants have in place systems to detect fraud and/or suspected fraud and to notify their customers of such fraud and/or suspected fraud.  The Plaintiffs are and/or were customers of the respective Defendants.  The Plaintiffs in this matter relied, in part, on fraud prevention systems by the Defendants to open and/or maintain their respective accounts with the Defendants.  Here, each of the Defendants' respective systems failed.

7. Plaintiff Wisznia & Associates is a high-profile commercial and residential architecture firm in Corpus Christi, Texas.  It maintains a national reputation.  It maintains an account with Defendant American Express for purposes of, in part, business expenses.  The account was opened prior to 1976.  It is identified, partially, as Account Number xxxx-xxxxxx-97006.  In February 2012, Plaintiff Wisznia & Associates discovered that fraudulent charges were made to the account.  Ultimately, Plaintiffs discovered that $158,195.49 in fraudulent charges had been made to the account. Plaintiff Wisznia & Associates did not authorize these charges.  Payments were made to Defendant American Express for these charges from financial accounts maintained by Plaintiff Wisznia & Associates and/or its subsidiaries, Plaintiff Estate of Walter Wisznia, and/or Plaintiff Sonja Wisznia, respectively.  No Plaintiff authorized these payments. Plaintiffs contacted Defendant American Express concerning the fraud in an attempt to recover their money paid for the fraudulent charges.  However, Defendant American

Express has refused to comply.

      8.     Further, Plaintiff Wisznia & Associates discovered that Adrianne Hewes, one of its former employees, opened an account with American Express, which, based upon information and belief, was opened by Defendant American Express for Adrianne Hewes based, at least in part, on Plaintiff Wisznia & Associates' business account and credit history.  It is identified, partially, as American Express Account Number xxx-xxxxxx-81001.  No Plaintiff authorized the opening of this account.  Plaintiff Wisznia & Associates discovered the existence of the account in February 2012.  Ultimately, Plaintiff Wisznia & Associates discovered that $185,631.65 was charged to this account.  No Plaintiff authorized these charges.  Payments were made to Defendant American Express on this account from financial accounts maintained by Plaintiff Wisznia & Associates and/or its subsidiaries, Plaintiff Estate of Walter Wisznia, and/or Plaintiff Sonja Wisznia, respectively.  No Plaintiff authorized these payments.  Plaintiffs contacted Defendant American Express concerning the fraud in an attempt to recover their money paid for the fraud.  However, Defendant American Express has refused to comply.

      9.    Plaintiff Sonja Wisznia is the wife of Walter Wisznia, a well-known architect who was based in Corpus Christi.  He is now deceased.  Plaintiff Sonja Wisznia is of advanced age is unable to adequately manage her financial affairs.  Her son, Plaintiff Marcel Wisznia, also a well-known architect, manages his mother's affairs pursuant to a

power of attorney.  Plaintiff Sonja Wisznia maintains a financial account with Defendant Merrill Lynch.  The account was opened in 1996.  It is identified, partially, as Account Number xxx-10620.  In February 2012, Plaintiffs discovered that fraudulent charges were made to Plaintiff Sonja Wisznia's account and/or that fraudulent payments were made from the account.  Ultimately, Plaintiffs discovered that $31,034.50 in fraudulent charges had been made to the account and/or fraudulent payments made from the account.  No Plaintiff, including Plaintiff Sonja Wisznia, authorized these charges and/or payments. Plaintiffs contacted Defendant Merrill Lynch concerning the fraud in an attempt to recover their money paid for the fraudulent charges and/or payments.   However, Defendant Merrill Lynch has refused to comply.

10.   Further, Defendant Wisznia & Associates discovered that Adrianne Hewes, one of its former employees, paid three separate accounts with Reliant Energy for the use and benefit of herself, Gary Cantu, and Emile Cantu, respectively.   Based upon information and belief, these accounts were opened by Defendant Reliant Energy for the three individuals based, at least in part, on Plaintiff Wisznia & Associates' business accounts and credit history.  The accounts are identified as follows:  Adrianne Hewes Reliant No. 3940374, Gary Cantu Reliant No. 37375211, and Emilie Cantu Reliant No. 3314698.  No Plaintiff authorized the opening of these accounts.  Plaintiffs discovered the existence of these three accounts in February 2012.  Ultimately, Plaintiffs discovered that

approximately $20,063.79 in fraud was paid by Plaintiffs to Defendant Reliant Energy with respect to the account for Gary Cantu. Ultimately, Plaintiffs discovered that approximately $3,153.69 in fraud was paid by Plaintiffs to Defendant Reliant Energy with respect to the account for Emilie Cantu. Ultimately, Plaintiffs discovered that approximately $769.51 in fraud was paid by Plaintiffs to Defendant Reliant Energy with respect to the account for Adrianne Hewes. The Plaintiffs discovered that another $7,047.51 was also paid to Defendant Reliant Energy from one or more of the Plaintiffs' accounts, but the Plaintiffs are unsure, at this time, for which account the sum was credited to. However, none of the Plaintiffs authorized any of these charges and/or any payments made to Defendant Reliant Energy for the charges. The fraudulent charges were paid by financial accounts maintained by Plaintiff Estate of Walter Wisznia and Plaintiff Sonja Wisznia, respectively. Plaintiffs contacted Defendant Reliant Energy concerning the fraud in an attempt to recover their money paid for the fraud. In response, Defendant Reliant Energy refunded only $705.68 to the Plaintiffs. However, Defendant Reliant Energy has refused to comply with respect to the remaining fraud.

## CAUSES OF ACTION

### Count 1—Breach of Contract

11. The Plaintiffs incorporate within Count 1 all of the allegations set forth in paragraphs 1-10, *supra*.

12. The Plaintiffs had valid and enforceable contracts with each of the Defendant pursuant to account agreements. The Plaintiffs performed their contractual obligations to the Defendants.

13. However, the Defendants breached their contractual obligations to the Plaintiffs by permitting the fraud alleged herein.

14. The Defendants' respective breaches of contract caused damages to the Plaintiffs.

15. The Plaintiffs seek to recover their economic and non-economic damages from the Defendants by this suit. Because of the nature of the conduct, the Plaintiffs also seek to recover exemplary damages from the Defendants, as provided by law.

16. The Plaintiffs also seek to recover their costs and attorney's fees incurred in this matter from the Defendants, as provided by the law.

**Count 2—DTPA**

17. The Plaintiffs incorporate within Count 2 all of the allegations set forth in paragraphs 1-16, *supra*.

18. The Plaintiffs were consumers. The Defendants can be sued for violations of the Texas Deceptive Trade Practices Act ("DTPA).

19. The Defendants committed wrongful acts, which consisted of the following:

      a.      a false, misleading, or deceptive act or practice that is specifically enumerated in the "laundry list" of Business & Commerce Code section 17.46(b) and that was relied on by the Plaintiffs to the Plaintiffs' detriment;

      b.      a breach of an express or implied warranty;

      c.      an unconscionable course of action; and

      d.      a violation of one of the many "tie-in" consumer statutes as authorized by Business & Commerce Code section 17.50(h), which are classified as "false, misleading or deceptive act or practices."

20. The Defendants' respective actions were the producing cause of the Plaintiffs' injuries and damages.

21. The respective Defendants' conduct caused damages to the Plaintiffs. They therefore seeks to recover their economic and non-economic damages from the Defendants by this suit. Because of the nature of the conduct, the Plaintiffs also seek to recover exemplary damages from the Defendants, as provided by law.

22. The Plaintiffs also seek to recover their costs and attorney's fees incurred in this matter from the Defendants, as provided by the law.

**Count 3—Fraud**

23. The Plaintiffs incorporate within Count 3 all of the allegations set forth in paragraphs 1-22, *supra*.

24. The Defendants made representations to the Plaintiffs with respect to account security and fraud prevention. The representations were material. The representations were false. Further, when the Defendants made the representations, they (a) knew the representations were false, or (b) made the representations recklessly, as positive assertions, and without knowledge of its truth or falsity.

25. The Defendants made the representations with the intent that the Plaintiffs act and/or rely on them. The Plaintiffs then relied on the Defendants representations. The representations caused the Plaintiffs' injuries and damages.

26. The respective Defendants' conduct caused damages to the Plaintiffs. They therefore seeks to recover their economic and non-economic damages from the Defendants by this suit. Because of the nature of the conduct, the Plaintiffs also seek to recover exemplary damages from the Defendants, as provided by law.

27. The Plaintiffs also seek to recover their costs and attorney's fees incurred in this matter from the Defendants, as provided by the law.

**Count 4—Negligence**

28. The Plaintiffs incorporate within Count 4 all of the allegations set forth in paragraphs 1-27, *supra*.

29. The Defendants owed legal duties to the Plaintiff to, among other things, detect, prevent, and place Plaintiffs on notice of fraud and/or suspected fraud.

30. The Defendants breach their duties.

31. The breach proximately caused the Plaintiffs' injuries and damages.

32. The respective Defendants' conduct caused damages to the Plaintiffs. They therefore seek to recover their economic and non-economic damages from the Defendants by this suit. Because of the nature of the conduct, the Plaintiffs also seek to recover exemplary damages from the Defendants, as provided by law.

33. The Plaintiffs also seek to recover their costs and attorney's fees incurred in this matter from the Defendants, as provided by the law.

**Count 5—Negligent Misrepresentation**

34. The Plaintiffs incorporate within Count 4 all of the allegations set forth in paragraphs 1-33, *supra*.

29. The Defendants made representations to the Plaintiffs in the course of the Defendants' respective business and/or in transactions in which the Defendants' had an interest with respect to, among other things, detection, prevention, and placing Plaintiffs on notice of fraud and/or suspected fraud. The Defendants supplied false information in this respect for the guidance of the Plaintiffs.

30. The Defendants did not exercise reasonable care or competence in obtaining or communicating the information to the Plaintiffs.

31. The Plaintiffs justifiably relied on the Defendants' representations.

32.     The respective Defendants' conduct proximately caused damages to the Plaintiffs.  They therefore seek to recover their economic and non-economic damages from the Defendants by this suit.  Because of the nature of the conduct, the Plaintiffs also seek to recover exemplary damages from the Defendants, as provided by law.

33.     The Plaintiffs also seek to recover their costs and attorney's fees incurred in this matter from the Defendants, as provided by the law.

## DISCOVERY RULE

34.     To the extent necessary, the Plaintiffs plead that any defenses based on any statute of limitations, if any, be subject to the discovery rule, which defers the accrual of the causes of action pled herein until the date that the Plaintiffs knew, or in exercise of reasonable care and diligence should have known or the wrongful conduct.  Here, the date was in February 2012.

## PRAYER

35.     For these reasons, Plaintiffs Wisznia & Associates, Sonja Wisznia, by and through Marcel Wisznia, and Estate of Walter Wisznia respectfully requests that Defendants American Express Co., Merrill Lynch, and Reliant Energy, respectively, be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendants for Plaintiffs' economic and non-economic damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for

such other relief, at law or in equity, to which Plaintiffs may be justly entitled.

          Respectfully submitted,

          s/Jon D. Brooks
          Jon D. Brooks
          Attorney-in-Charge
          Southern District ID No. 24936
          Texas Bar No. 24004563
          400 Mann Street, Suite 1001
          Corpus Christi, Texas 78401
          361.885.7710 (telephone)
          361.885.7716 (facsimile)
          jbrooks@brooksllp.com (e-mail)

          **Attorney for Plaintiffs**

OF COUNSEL

BROOKS LLP
Attorneys and Counselors at Law
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
www.brooksllp.com