UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WISZNIA & ASSOCIATES, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-00301 |
| § | |
| AMERICAN EXPRESS CO., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Plaintiffs' Amended Motion for Default Judgment (D.E. 34), seeking a default judgment against Defendant NRG Energy, Inc. d/b/a Reliant Energy (NRG). For the following reasons, the Court GRANTS the Motion.

On September 23, 2014, Plaintiffs filed their First Amended Complaint (D.E. 26) against NRG. Thereafter, NRG was served and failed to file a timely answer or other appearance in this case. On December 4, 2014, the Clerk entered NRG's default of record. D.E. 30. On December 15 and 22, 2014, respectively, NRG filed two separate answers in the name of Reliant Energy Retail Services, LLC (D.E. 32) and as NRG Energy, Inc. (D.E. 33). NRG did not, however, move to set aside the entry of default, which requires a showing of good cause.[1] Fed. R. Civ. P. 55(c).

After an intervening period of inactivity in the case, on August 20, 2015, Plaintiffs filed their Amended Motion for Default Judgment based upon the clerk's prior entry of default. D.E. 34. Pursuant to Local Rule 7.3, motions will be submitted to the judge 21

---

[1] The Court disagrees with Plaintiffs' assertion that there is a time bar against NRG's ability to set aside the entry of default, citing *Legion Ins. Co. v. Mega Interests Inc.*, 78 F. App'x 945, 946 (5th Cir. 2003) (per curiam). *Legion* involved a delayed failure to set aside a final default judgment, not a preliminary entry of default.

days from filing. The motion's submission date was September 10, 2015. NRG has not filed a response to the Motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought. The Court finds that NRG's failure to seek a court order setting aside the prior default and its failure to respond to the motion for default judgment demonstrates a failure to defend this action and is an acquiescence in the entry of judgment against it based upon the pleadings and default judgment evidence.

After reviewing the amended complaint (D.E. 26), motion (D.E. 34), and the accompanying evidence (D.E. 34-1), the Court finds that NRG is liable to Plaintiffs on their claims of breach of contract, violations of the Texas Deceptive Trade Practices Act, fraud, negligence, and negligent misrepresentation. Consistent with Plaintiffs' motion for judgment, the Court awards a default judgment against NRG for negligence in the amount of $31,034.50. A separate final judgment pursuant to Federal Rule of Civil Procedure 58(a) will issue in ten days.

ORDERED this 17th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE