United States District Court
Southern District of Texas
**ENTERED**
January 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WISZNIA & ASSOCIATES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00301 |
| | § | |
| AMERICAN EXPRESS CO., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO VACATE

Before the Court is Defendants, NRG Energy, Inc. and Reliant Energy Retail Services, LLC's, Motion to Vacate (D.E. 37), seeking to vacate the Court's default judgment against them. For the reasons set out below, the motion is DENIED.

Plaintiff originally represented to the Court that Defendant "Reliant Energy" had been served through its registered agent for service of process on or about October 7, 2013. D.E. 4, 10. The Clerk entered Reliant Energy's default after its answer deadline passed, on December 30, 2013. D.E. 17. Thereafter, the Court received notice that the party served was not, in fact, the registered agent for Reliant Energy. D.E. 20, 24. Therefore, the Court vacated the entry of default and denied Plaintiffs' motion for default judgment. D.E. 25.

On September 23, 2014, Plaintiffs filed their First Amended Complaint (D.E. 26), naming NRG Energy, Inc. d/b/a Reliant Energy as the Defendant. Plaintiff then served the amended complaint on September 25, 2014 and, after no appearance by Defendants and at the appropriate time, sought and obtained the Clerk's entry of default. D.E. 28, 30.

Plaintiffs' Motion for Default Judgment, filed December 4, 2014 was pending when both Reliant Energy Retail Services, LLC and NRG Energy, Inc. filed their respective Answers on December 15 and 22, 2014.   D.E. 32, 33.   As a result, the Court administratively terminated the motion for default judgment, which action was not communicated to Plaintiffs.  When Plaintiffs learned that the motion had been terminated, and with no intervening activity on the case, they filed their Amended Motion for Default Judgment on August 20, 2015, noting that Defendants had not sought an order to set aside the prior entry of default.  D.E. 34.

Despite having been given more than the amount of time provided for under the Local Rules, Defendants did not respond to the amended motion for default judgment. Consequently, on September 17, 2015, the Court entered its Order granting the motion for default judgment and delaying entry of final judgment for ten (10) days to give Defendants an opportunity to challenge the Order.  D.E. 35.  No challenge having been filed, the Court entered final judgment on October 9, 2015.  D.E. 36.

Now, more than two months after final judgment was entered, Defendants seek to vacate the default judgment pursuant to Federal Rules of Civil Procedure 60(b) on the basis of mistake, inadvertence, surprise, or excusable neglect because an IT service company performed work for counsel's firm on August 3, 2015, causing a disruption in email service at the address used with the Court's CM/ECF system.  They also complain that, while the motion to which they did not respond was served through counsel's email address, the pre-answer entries of default were served on their registered agent because they had not yet appeared and answered.

Defendants' arguments are not persuasive.  First, any filings that were in the case prior to their answers should have been reviewed at the time they were served and when preparing their answers such that they were on notice of all documents of record in the case, including this Court's initial order (D.E. 3) and scheduling order (D.E. 16). Moreover, service on their registered agent is deemed service upon them. *See generally*, *Barr v. Zurich Ins. Co.*, 985 F. Supp. 701, 704 (S.D. Tex. 1997).  Thus the manner of serving notice of entry of default is of no consequence at this juncture.

Second, Defendants' counsel is responsible for maintaining appropriate and effective contact information with the Court and opposing counsel.  Local Rule 83.4. Despite IT work on his system, counsel took no action to verify that the address provided to the Court was working or to provide an alternate email address.  And third, Defendants are responsible for monitoring their cases and had apparently done nothing to monitor the docket of this case, expecting it to lie dormant for eight months, despite court rules that require certain actions to be taken without waiting for the opposing party to initiate proceedings.

The Fifth Circuit "has pointedly announced that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in "unique circumstances."  *Pryor v. United States Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985) (citing *Wilson v. Atwood Group*, 725 F.2d 255, 257 (5th Cir. 1984) (en banc)). This Court made every effort to give Defendants an opportunity to defend by terminating the motion for default filed before they answered (despite the tardiness of their answers), giving them additional time to respond to the amended motion for default judgment, and

delaying entry of final judgment after granting the motion for default judgment.  Counsel has not explained why the email disruption was not timely corrected or an alternate email address provided to the Court to avoid just this type of contingency.  And Defendants have not explained their failure to seek to set aside the prior entries of default, their failure to comply with this Court's initial Order for Conference and Disclosure of Interested Parties (D.E. 3), the existing scheduling order (D.E. 16), and Federal Rules of Civil Procedure 26 regarding initial disclosures and the development of a discovery plan.

Defendants' failure to defend this case cannot be viewed as mistake, inadvertence, surprise, or excusable neglect but was rather a disregard of the rules governing these proceedings and their responsibility to monitor and defend.  Consequently, the Court DENIES the Motion to Vacate (D.E. 37) and administratively terminates their Motion to Dismiss (D.E. 39) as moot.

ORDERED this 12th day of January, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE